**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **CHERYL ADAWAY,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 1:16-CV-00117** |
| | § | **JURY TRIAL DEMANDED** |
| **THE CITY OF JASPER, TEXAS;** | § | |
| **JASPER COUNTY, TEXAS,** | § | |
| **MIKE LOUT, ROBERT MACDONALD;** | § | |
| **and MITCHELL NEWMAN,** | § | |
| *Defendants.* | § | |

## JOINT RULE 26(f) CONFERENCE REPORT

Pursuant to the Court's Order, and the Rules, the parties hereby submit this Joint Rule 26(f) Conference Report:

**1.    A factual and legal description of the case that sets forth the elements of each cause of action and each defense;**

Plaintiff Cheryl Adaway:

Plaintiff-Cheryl Adaway would show that the Federal causes of actions are brought pursuant to 42 USC 1983, and Amendments I, IV, and XIV to the United States Constitution.

It is anticipated that the Defendants will raise, or attempt to raise, the defense of qualified immunity. In this regard, Plaintiff pleads that it is well established law that every citizen of the United States has a clearly defined constitutional right to be free from an unlawful seizure by law enforcement officials in accordance with the Fourth Amendment to the United States Constitution, and to be free from unlawful force. The Defendants are not, therefore, entitled to the protection of qualified immunity for their actions.

In further retaliation against Adaway, the Jasper City Commission led by former Mayor Lout, along with MacDonald, felt the need to go further in their oppression of Plaintiff Adaway for supporting the African American Chief of Police and African American city council members. The new white City Commission, along with the input of the Defendant Police Chief MacDonald, passed an ex post facto criminal ordinance making it a criminal violation for not having a storage yard, in violation of Article 1, § 9 and Article 1 § 10 of the United States Constitution, all the time knowing that Adaway did not have, and did not need, a storage yard. Furthermore, in its new official ordinance, the City Commission included the requirement that any towing company have a wrecker

capable of towing an 18 wheeler, as did XXon Towing, whose owner's son assisted the commission in writing the ordinance, even though Adaway was not in competition with XXon and had no need for a wrecker capable of towing an 18 wheeler. One of the reasons given for the ordinance was that Adaway's business, Eagle Towing, had towed a car which had been paid off. The owner somehow complained to the city commission that the car was damaged when returned by Adaway-clearly a civil matter which no city commission has jurisdiction over or in which should be involved. The ordinance further violated the Federal pre-emption over intrastate towing as set forth in 49 USC 14501. Although the Defendants will attempt to argue the safety exemption thereto, having a tow truck capable of towing an 18 wheeler has nothing to do with safety, nor does an enclosed lot. One observation to be made is that the Defendants do not attempt to violate civil rights or the law sub rosa, and are open and notorious about their violations.

The Plaintiff was subjected to false arrest in violation of Amendment IV of the United States Constitution in retaliation for her support of the African American Police Chief and African American members of the City of Jasper City Commissions. It is interesting to note that two years lapsed after the purchase of a legal item by the CI before the raid on Adaway's business, and only after her support of the African Americans.

Pursuant to 28 USC § 1367 the Plaintiff brings suit against the individual Defendants for intentional infliction of emotional distress. The factual allegations in all of the paragraphs of this Complaint set forth above are hereby incorporated and re-alleged for all purposes and incorporated herein by reference with the same force and effect as if set forth verbatim except as to the governmental entities for a cause of action.

Texas law recognizes the cause of action for intentional infliction of emotional distress, as expressed in the RESTATEMENT (SECOND) of TORTS § 46(1) (1965), where the defendant acted intentionally or recklessly, the conduct was extreme and outrageous, the action caused the Plaintiff emotional distress, and the emotional distress was severe. The defendants' intent may be drawn from necessary inferences. It is for the Court to determine in the first instance whether conduct is extreme and outrageous, and such claims are submitted to the jury only when reasonable minds may differ.

By retaliating against Adaway for supporting African Americans in public office, the only necessary inference can be that the individual Defendants acted intentionally and such conduct was extreme and outrageous. Arresting someone for expressing their political beliefs is extreme and outrageous per se. The Plaintiff sues for all damages incurred by reason of the individual Defendants' intentional infliction of emotional distress including exemplary damages since the Defendants' acts were performed with malice, or reckless disregard for the Plaintiff's rights. The Plaintiff may recover for mental anguish without physical injury under Texas law.

All of the acts of the Defendants, in violation of both federal and state law, were done with malice or conscious indifference and reckless disregard for the Plaintiff's rights.

City Defendants:

City Defendants—City of Jasper, Texas, Robert MacDonald, and Mike Lout, in his official capacity only—would show that the City enacted a tow truck ordinance on October 12, 2010 which regulated tow truck companies operating in the City limits, primarily with respect to the removal of vehicles from public roadways and nonconsensual tows initiated by law enforcement. On its face, the ordinance does not apply to tow companies like Adaway's, which is in the business of repossessing vehicles.

The City's tow truck ordinance was amended on November 17, 2014. City Defendants deny the amendment was targeted at Adaway or her business. The amendment merely made it a violation of City ordinance to violate existing state regulations that apply to tow truck companies, so that City police officers could effectively enforce the existing state regulations. At no point has the City's tow truck ordinance been applied to or enforced against Adaway or her business.

In the context of her claims, City Defendants deny any knowledge that Adaway had engaged in any protected activity—i.e., free speech—and deny taking any action in retaliation for any alleged protected activity.

With respect to Adaway's arrest claims, City Defendants would show that County Defendants obtained the arrest warrant and executed the arrest warrant. City Defendants deny any knowledge that Adaway had engaged in any protected activity—i.e., free speech—deny taking any action at all with respect to her arrest, and deny taking any action in retaliation for any alleged protected activity.

Defendants Jasper County, Texas and Mitchell Newman:

Defendants deny they acted in retaliation against Plaintiff at any time for supporting a prior African American Chief of Police. Defendants contend Plaintiff committed an illegal act and there was probable cause for her arrest. Defendants further contend they had nothing to do with the amendment of or enforcement of any local City of Jasper towing ordinance. Defendants deny any Jasper County policy maker drafted, authorized, acquiesced in, approved of or participated in any unconstitutional policy or custom or ordinance that was the moving force behind any alleged injury to the Plaintiff. Defendants contend Sheriff Newman is entitled to qualified immunity, and further assert he did not personally participate in any act or omission, whether constitutionally or tort based, purportedly causing injury or damage to the Plaintiff. Defendants deny there is any evidence of, or that they participated in, in any discrimination or retaliation against the Plaintiff.

Defendants further assert they are entitled to governmental immunity, sovereign immunity and qualified immunity defenses. Defendants deny there has been any waiver under the Texas Tort Claims Act for any state law claims made by Plaintiff in this matter, whether alleging intentional torts or otherwise. Defendants deny the Plaintiff has alleged any actionable claim against Sheriff Newman under the First Amendment, Fourth

Amendment or Fourteenth Amendment, and Plaintiff's pleadings fail to overcome Sheriff Newman's qualified immunity. Defendants contend any state law claims against Sheriff Newman should be dismissed pursuant to Tex. Civ. Prac. & Rem. Code §101.106 because the Plaintiff has made an involuntary election by suing the County and cannot pursue any state court claims against Sheriff Newman. Defendants further contend Plaintiff has no right to recover exemplary or punitive damages against Defendants herein.

<u>Defendant Mike Lout, Individually</u>:

Mike Lout, in his individual capacity only would show that the City enacted a tow truck ordinance on October 12, 2010 which regulated tow truck companies operating in the City limits, primarily with respect to the removal of vehicles from public roadways and nonconsensual tows initiated by law enforcement. On its face, the ordinance does not apply to tow companies like Adaway's, which is in the business of repossessing vehicles. Defendant Mike Lout, in his individual capacity, had no involvement in this ordinance.

The City's tow truck ordinance was amended on November 17, 2014. Defendant Mike Lout, in his individual capacity, denies the amendment was targeted at Adaway or her business. The amendment merely made it a violation of City ordinance to violate existing state regulations that apply to tow truck companies, so that City police officers could effectively enforce the existing state regulations. At no point has the City's tow truck ordinance been applied to or enforced against Adaway or her business.

In the context of her claims, Defendant Mike Lout, in his individual capacity, denies any knowledge that Adaway had engaged in any protected activity—i.e., free speech—and denies taking any action in retaliation for any alleged protected activity.

With respect to Adaway's arrest claims, Defendant Mike Lout, in his individual capacity, would show that had no involvement in such activity. Further, County Defendants obtained the arrest warrant and executed the arrest warrant. Defendant Mike Lout, in his individual capacity, denies any knowledge that Adaway had engaged in any protected activity—i.e., free speech — and further denies taking any action at all with respect to her arrest, and denies taking any action in retaliation for any alleged protected activity.

Defendant Mike Lout, in his individual capacity, Defendant asserts that he is entitled to the defense of qualified immunity, in that they were performing discretionary duties, in good faith, within the scope of his authority as duly elected Mayor of the City of Jasper. Defendant Mike Lout, in his individual capacity, asserts that Defendant did not violate clearly established constitutional rights of which a reasonable person would have known. Defendant Mike Lout, in his individual capacity, asserts that he is entitled to absolute immunity with regard to the incident in question. Defendant Mike Lout, in his individual capacity, asserts that the Plaintiff cannot establish that through Defendant's deliberate conduct they were the "moving force" behind the injuries alleged. Defendant also affirmatively asserts that no constitutional violation occurred and was not a "moving force" of any alleged injuries. Therefore, the Plaintiff cannot establish a causal link

between Defendant Mike Lout, in his individual capacity, alleged acts and any deprivation of federal rights. Defendant Mike Lout, in his individual capacity, asserts that the Plaintiff cannot establish that Defendant's actions amounted to at least "deliberate indifference"; therefore the Plaintiff cannot establish a sufficiently culpable state of mind. Defendant was not deliberately indifferent to Plaintiff's rights and used the least amount of force necessary. Defendant Mike Lout, in his individual capacity, absolutely asserts that Defendant did not violate Plaintiff's rights.

2. **The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented;**

The parties conducted a Rule 26(f) conference, by telephone, on April 5, 2016. The following counsel participated:

Counsel for Plaintiff:
Walta A. Staggers
Don Edwin Stokes

Counsel for City Defendants:
B. Eliot New

Counsel for County Defendants:
Frank D. Calvert

Counsel for Defendant Mike Lout, Individually:
J. Keith Stanley

3. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases;**

None.

4. **An agreed discovery/case management plan, if agreement can be reached, which will be used by the court to prepare a Scheduling Order (a sample Scheduling Order form is attached). The parties are encouraged to submit a completed Scheduling Order with their joint conference report:**

The parties are attaching a proposed agreed scheduling order.

5. **A suggested date for the Final Status Conference (see attached list of the court's available Final Status Conference dates), at which time the final pretrial conference and the trial will be scheduled;**

May 5, 2017.

- 6 -

**6.** **The expected length of trial and whether it will be to a jury or the bench;**

The parties anticipate this jury trial will take approximately three days.

**7.** **Whether the parties jointly consent to trial before a magistrate judge; and**

The parties do not jointly agree to trial before a magistrate judge.

**8.** **Whether the parties request a conference with the court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.**

The parties are not specifically requesting a conference with the Court. However, a scheduling conference has been set for June 28, 2016 at 2:00 p.m.

Respectfully submitted,

| | |
|---|---|
| /s/ *Walta A. Staggers* | /s/ *B. Eliot New* |
| **Walta A. Staggers – Attorney-in-Charge** | **Larry J. Simmons – Attorney in Charge** |
| State Bar No. 24076106 | State Bar No. 00789628 |
| **STAGGERS & ASSOCIATES PLLC** | **B. Eliot New – Of Counsel** |
| 109 East Houston Street | State Bar No. 24060328 |
| Marshall, TX 75670 | **GERMER PLLC** |
| (903) 938-5252 – Telephone | P.O. Box 4915 |
| (903) 938-8616 – Facsimile | Beaumont, Texas 77704-4915 |
| waltastaggers@yahoo.com | (409) 654-6700 - Telephone |
| | (409) 835-2115 – Facsimile |
| **Don Edwin Stokes – Of Counsel** | ljsimmons@germer.com |
| State Bar No. 19268000 | enew@germer.com |
| THE STOKES FIRM | |
| 109 East Houston Street | **COUNSEL FOR DEFENDANTS,** |
| Marshall, TX 75670 | **CITY OF JASPER, TEXAS,** |
| (903) 938-5252 – Telephone | **ROBERT MACDONALD, AND MIKE LOUT, IN** |
| (903) 938-8616 – Facsimile | **HIS OFFICIAL CAPACITY ONLY** |
| don@stokesfirm.com | |
| | |
| **COUNSEL FOR PLAINTIFF** | |

| | |
|---|---|
| /s/ *Frank D. Calvert* | /s/ *J. Keith Stanley* |
| **Frank D. Calvert** | **J. Keith Stanley** |
| State Bar No. 03667700 | State Bar No. 45006129 |
| **CALVERT, EAVES, CLARKE & STELLY, LLP** | **FAIRCHILD, PRICE, HALEY & SMITH, LLP** |
| Beaumont Tower | 413 Shelbyville Street |
| 2615 Calder, Suite 1070 | P.O. Drawer 1719 |
| Beaumont, Texas 77702 | Center, TX 75935 |
| (409) 832-8885 – Telephone | (936) 598-2981 – Telephone |
| (409) 832-8886 – Facsimile | (936) 598-9155 – Facsimile |
| fcalvert@calvert-eaves.com | kstanley@fairchildlawfirm.com |
| | |
| **COUNSEL FOR DEFENDANTS,** | **COUNSEL FOR DEFENDANT,** |
| **JASPER COUNTY, TEXAS AND** | **MIKE LOUT** |
| **MITCHELL NEWMAN** | |

## **CERTIFICATE OF SERVICE**

     I hereby certify that on 14th of June, 2016, a true and correct copy of **Joint Rule 26(f) Conference Report** was forwarded to all known counsel of record pursuant to the Federal Rules of Civil Procedure.

                                                                             **B. Eliot New**